In the matter of ROBERT B. JIBB and GEORGE E. STUPALSKY, appellant, charged with contempt.

[Submitted October term, 1937.   Decided January 26th, 1938.]

*Messrs. Burnett & Trelease* and *Mr. Norbury C. Murray,* for the appellant.

*Mr. Milton M. Unger,* for the prosecutor.

The opinion of the court was delivered by

BODINE, J.

George E. Stupalsky appeals from a determination in the court of chancery that he was guilty of contempt of that court. The proceedings for contempt were instituted October 23d, 1936, and the finding was that the contempt consisted of a false affidavit taken September 8th, 1934, to be used in a chancery proceeding then pending.

The false affidavit was not made in the presence of the court and was an offense against organized society and like other criminal offenses raised an issue between the public and the accused. It was, therefore, a criminal contempt. *Staley* v. *South Jersey Realty Co., 83 N. J. Eq. 300; In re Hendricks, 113 N. J. Eq. 93.* The perjury was committed when the affidavit was sworn to and, as before indicated, the perjury was not committed in the presence of the court.

There was a right of appeal pursuant to *P. L. 1909 p. 270; Staley* v. *South Jersey Realty Co., supra.* The statute was subsequent to the decision of this court in *Seastream* v. *New Jersey Exhibition Co., 72 N. J. Eq. 377.*

Prosecutions for the offense of perjury are barred in this state unless the indictment is found within two years from the time the offense was committed. *2 Comp. Stat. p. 1870 § 152.* By analogy the court of chancery should not have adjudged the appellant in contempt when no steps were taken to prosecute him for the wrong done within two years after the act was committed. The rule laid down in *Gompers* v. *United States, 233 U. S. 604,* is applicable. "The power to punish any contempt must have some limit in time, and in defining that limit we should have regard to what has been the policy of the law from the foundation of the government." By analogy in this state, if not by enactment, the limit is two years.

The order adjudging the appellant in contempt will be set aside.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Walker, JJ. 14.